[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (ZACCARO)
The plaintiff brought this action alleging personal injuries against a number of defendants as a result of an automobile accident. Two of the defendants filed a motion to have John Zaccaro added as a party defendant. The motion was granted by the court, Higgins, J., and a third party complaint was filed which claimed that Zaccaro was at fault in causing the accident, and, as relief, sought the inclusion of Zaccaro in the apportionment of damages. Zaccaro now brings a motion for summary judgment arguing that he has been released by the plaintiff and is therefore not a proper party defendant. The defendants who had cited Zaccaro into the action object to the motion.
Summary judgment shall only be entered where the pleadings, affidavits and other proof submitted demonstrates the nonexistence of an issue of material fact and that the movant is entitled to judgment as a matter of law. Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 246-47 (1992). But "it is incumbent upon the party opposing summary judgment CT Page 8022 to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Id., 247.
No issue of fact exists in this case regarding Zaccaro's status vis-a-vis the plaintiff; Zaccaro settled with the plaintiff and was released by him. The plaintiff has admitted this in a request for admission, and a copy of the release is attached to Zaccaro's motion for summary judgment. The defendants opposing the motion do not contest this fact. Therefore, the legal question presented is simply whether Zaccaro, a released person, can be a party to this action for apportionment purposes.
The statutes should first be examined to determine whether they make clear the proper procedure. General Statutes Sec. 52-572h(c) provides that "each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the damages." General Statutes Sec. 52-572h(f)(4) provides that the jury is to determine "the percentage of negligence that proximately caused the injury . . . in relation to one hundred percent, that is attributable to each party whose negligent actions were a proximate cause of the injury . . . including settled or released persons . . ." General Statutes Sec. 52-572h(n) states that the "total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section."
Tort II thus refers to apportionment of damages among parties, except when referring to those who have been released, which it consistently refers to only as persons. This distinction, it seems, is not accidental and should not be ignored. Reading subsections (f) and (n) together indicates that the proper procedure is that the released person should not be a party to the action, but the jury nevertheless determines the amount of his negligence as part of its verdict, and that the remaining parties are only liable for their proportionate share of the award. A released person who is also a party would run into the command of subsection (c) which states that parties are liable for their share of the damages, and makes no exception for released persons.
Other Superior Courts which have considered the CT Page 8023 issue have also reached the conclusion that the released person should not be made a party. See, e.g., Gregory v. Uberti, 7 Conn. L. Rptr. 118 (July 22, 1992, O'Keefe, J.); Freitas v. Ravizza, 4 Conn. L. Rptr. 478 (September 23, 1991, Koletsky, J.); Dzwil v. Maine Coast Brewing Co.,4 Conn. L. Rptr. 281 (July 8, 1991, Hennessey, J.); Camp v. Zambarano,4 Conn. L. Rptr. 111 (June 17, 1991, Fuller, J.). Accordingly, because Zaccaro's negligence will be considered by the jury and the other defendants will not be liable for any negligence attributable to Zaccaro, the motion for summary judgment is granted.
It is so ordered.
HIGGINS, J.